# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHISHME, INC., <br><br>        Plaintiff, <br><br>    v. <br><br> WOMBAT SECURITY TECHNOLOGIES, INC., <br><br>        Defendant. | C.A. No. 16-403-LPS-CJB |

## **[STIPULATED] ORDER REGARDING ELECTRONICALLY STORED INFORMATION**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the undersigned parties ("Parties"), and subject to the approval of the Court, that the following provisions shall govern the discovery of electronically stored information in the above-captioned action:

1. This Stipulation and Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, the District of Delaware Local Rules, the District of Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default ESI Standard"), the Stipulated Protective Order (D.I. 24), and any other applicable orders and rules. For clarification, the Default ESI Standard applies unless otherwise provided below.

2. This Stipulation and Order may be modified in the Court's discretion or by written agreement of the Parties.

3. **Paragraph 3 Disclosures**. The deadline for Paragraph 3 disclosures outlined in the Default ESI Standard is January 13, 2017.

4. **Custodian and Search Terms Limits.** The Parties agree to each produce ESI from seven custodians (an "ESI Custodian" or the "ESI Custodians") out of the ten custodians disclosed by each party pursuant to Paragraph of the Default ESI Standard. The parties further agree to use no more than fifteen search terms per ESI Custodian, subject to the provisions set forth below. In counting the number of search terms, conjunctive combinations of multiple words or phrases (*e.g.*, "computer" and "system") shall count as a single term, and disjunctive combinations of multiple words or phrases (*e.g.*, "computer" or "system") shall count as a separate search term for each word or phrase. Variants of the same word or phrase, however, shall count as a single search term. Each Producing Party agrees to use its best efforts to disclose

1

all known analogs of any search term proposed by the Receiving Party that the Producing Party uses in the ordinary course of business.

5. **Custodian Names and Search Terms to Be Exchanged.** The parties shall work together in good faith to agree on ESI Custodians and search terms, using an iterative process to identify search terms that yield a number of documents that is proportional to the needs of this case. The parties shall meet and confer concerning ESI Custodians and search terms pursuant to the following schedule:

- January 18, 2017: the parties shall exchange lists of seven proposed ESI Custodians and a maximum of fifteen proposed search terms per ESI Custodian for use in searching custodial ESI, with each Receiving Party to provide a list of proposed ESI Custodians and search terms to each Producing Party.

- January 25, 2017: the parties shall provide responses and objections to each other's lists of proposed ESI Custodians and search terms based, at least in part, on the results of test searches performed by the Producing Party based on the Receiving Party's proposed ESI Custodians and search terms.

- January 30–31, 2017: the parties shall meet and confer regarding proposed ESI custodians and search terms, with further meet-and-confer sessions scheduled on an as-needed basis.

At the conclusion of the meet-and-confer process, the Parties will jointly submit to the Court any unresolved disputes concerning ESI Custodians or search terms. Notwithstanding any disputes that may be submitted to the Court, and to the extent practicable, the Producing Party shall search for and produce custodial ESI using the agreed ESI Custodians and search terms prior to the Court's resolution of any disputes. The Parties shall use the results of the ESI search

and collection process to search for and produce custodial ESI documents responsive to their requests for production.  The Parties further agree that, absent a Court order, the Producing Party is not obligated to search for, review, or produce custodial ESI documents that otherwise are responsive to the Receiving Party's discovery requests where such custodial ESI documents (i) are not within the possession or custodial files of one of the seven ESI Custodians selected by the Receiving Party or (ii) are within the possession or custodial files of one of the seven ESI Custodians but do not contain one of the fifteen search terms which apply to that ESI Custodian; provided, however, that the Producing Party shall not withhold any custodial ESI document of which it has specific knowledge as to the document's existence, responsiveness, and relevance and that is not subject to the Producing Party's objections to the Receiving Party's discovery requests based on the absence from that document of one of the fifteen search terms applicable to that ESI Custodian.  The Parties further agree that the above ESI framework shall not apply to the search for or production of non-custodial ESI sources disclosed pursuant to paragraph 3(b) of the Default ESI Standard, and that the parties are obligated to conduct a reasonable search of those sources in response to the opposing party's discovery requests.

6. **Format for Production of Documents Existing in Electronic Format.** Documents should be produced as single-page tiff images with an .opt image cross reference file and a Concordance delimited database load file (.DAT).  The documents should be logically unitized (i.e., contain correct document breaks: for instance, a five-page fax consisting of a cover page and a four-page memo should be unitized as a five-page document).  Multi-page OCR/Extracted text for each document should also be provided.

7. **Metadata.** The Parties agree to provide the following metadata, to the extent available, for each produced ESI document in the relevant productions' DAT files:

| FIELD | DEFINITION |
|---|---|
| BEGDOC | Beginning control number assigned to each page/document |
| ENDDOC | Ending control number assigned to each page/document |
| BEGATT | Beginning bates number of attachment range |
| ENDATT | Ending bates number of attachment range |
| Attachment Names | Subjects or file names of attachments (populated for parent documents only) |
| Custodian | Document custodian |
| File Name | Name of document (eDoc) |
| File Extension | File extension (xls, doc, etc.) |
| File Size | Size of file in KB |
| Page Count | Number of pages (only for imaged documents) |
| Author | Creator of document (eDoc) |
| Title | Title of document (eDoc) |
| Subject | Subject line of email |
| From | Author of email |
| To | Recipients of email |
| CC | Carbon copy recipients of email |
| BCC | Blind copy recipients of email |
| Sent Date | Date email is sent |
| Sent Time | Time email is sent |
| Received Date | Date email is received |
| Received Time | Time email is received |
| Create Date | Date document was created |
| Last Modified Date | Date document was last modified |
| Last Modified Time | Time document was last modified |
| Last Access Date | Date document was last accessed |
| Date last printed | Date document was last printed |
| Date last saved | Date document was last saved |
| SentModDate | Sent date (email) or last modified date (non-email) |
| SentModDate_Family | SentModDate of parent populated for all documents in family |
| MD5 Hash | Hash tag created during processing |
| Conversation Index | Email ID for email threads |
| Duplicate Custodian Names | Custodians who possessed an exact of copy of document |
| Location/File Path | Original Server location of data |
| Text Link | Link to multi-page extracted text file or OCR text file |
| Native Link | Link to naïve files (populated for natively-produced documents) |

8.      **Format for Production of Documents – Hardcopy or Paper Documents**.  All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.  The Parties agree to provide the following information for each produced hardcopy or paper file in the relevant productions' DAT files:

| FIELD | DEFINITION |
|---|---|
| BEGDOC | Beginning control number assigned to each page/document |
| ENDDOC | Ending control number assigned to each page/document |
| BEGATT | Beginning bates number of attachment range |
| ENDATT | Ending bates number of attachment range |
| Page Count | Number of pages |
| Custodian | Document custodian |
| Text Link | Link to multi-page extracted text file or OCR text file |

9.  **Source Code**.  PhishMe shall make any source code available for inspection at the offices of Morrison & Foerster LLP, 2000 Pennsylvania Ave, NW Suite 6000, Washington, DC 20006.  Wombat shall make any source code available for inspection at the offices of K&L Gates LLP, 210 Sixth Avenue, Pittsburgh, Pennsylvania 15222.  This Stipulation does not govern the format for production of source code, which shall be made available pursuant to paragraph 8 of the Protective Order.

10.  **Native Files.**  The Parties agree to produce in native format files not easily converted to image format, such as Excel and Access files.  The Parties agree to meet and confer to discuss requests for the production of other native files on a case-by-case basis and reserve the right to seek relief from the Court.  Each native file should be named according to the Bates number it has been assigned, and should be linked to its corresponding record in the load file using the NATIVELINK field.  Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

11.  **Parent and child emails**.  The Parties shall produce email attachments sequentially after the parent email.

12.  **Bates Numbering.**  Each Producing Party shall include legible Bates Numbers specific to this action on its produced documents.

13.  **Categories that Need Not Be Preserved.**  The categories of ESI in Schedule A

of the Default ESI Standard need not be preserved.

Dated:  December 21, 2016

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | K&L GATES LLP  *[see attached counsel block]* |
| /s/ *Anne Shea Gaza* | /s/ *Steven L. Caponi* |
| Anne Shea Gaza (No. 4093)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>swilson@ycst.com<br>*Attorneys for Plaintiff PhishMe, Inc.* | Steven L. Caponi (DE No. 3484)<br>K&L GATES LLP<br>600 N. King St., Suite 901<br>Wilmington, DE 19801<br>Telephone: (302) 416-7000<br>Facsimile: (302) 416-7020<br>steven.caponi@klgates.com<br>*Attorneys for Defendant Wombat Security Technologies, Inc.* |
| OF COUNSEL:<br>MORRISON & FOERSTER LLP<br>Hector G. Gallegos<br>Mehran Arjomand<br>707 Wilshire Boulevard<br>Los Angeles, California  90017-3543<br>(213) 892-5200<br>hgallegos@mofo.com<br>marjomand@mofo.com<br><br>Joshua A. Hartman<br>Fahd H. Patel<br>2000 Pennsylvania Ave., NW<br>Washington, DC  20006-1888<br>(202) 887-1500<br>jhartman@mofo.com<br>fpatel@mofo.com | OF COUNSEL:<br><br>Patrick J. McElhinny<br>patrick.mcelhinny@klgates.com<br>Mark G. Knedeisen<br>mark.knedeisen@klgates.com<br>Christopher M. Verdini<br>christopher.verdini@klgates.com<br>Anna Shabalov<br>anna.shabalov@klgates.com<br>K&L Gates LLP<br>K&L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, Pennsylvania 15222<br>(412) 355-6500 |

**SO ORDERED** this ___ day of _____, 201__.

_____
JUDGE CHRISTOPHER J. BURKE
UNITED STATES MAGISTRATE JUDGE